## 71064. BURKES v. THE STATE.
(338 SE2d 522)

DEEN, Presiding Judge.

On the morning of September 23, 1981, two men held up the Little Sioux Grocery in Columbus, Georgia, and made off with approximately $634. The store manager and the store owner's 22-year-old retarded daughter were working in the store, and recounted at trial how one of the two men (later positively identified by the victims as the appellant, Raymond Burkes) originally inquired about bologna, crackers, Spam, and Vienna sausages. When asked to pay for the food stuffs selected, however, he informed her that it was a "stick up" and pointed a gun at the manager's face to emphasize the fact. (The manager also recognized the pistol as her very own that had disappeared approximately two weeks earlier.)

The appellant's accomplice suggested that they take the owner's daughter with them and "have some fun" with her, but the manager protested, and the two men did not insist upon it. Instead, they locked up both victims in the bathroom, and removed the manager's

purse and the money from the cash register. Another customer arrived soon afterwards and freed the victims. Approximately a week later, the store manager identified the appellant from a photo array, and the appellant was subsequently arrested and charged with armed robbery.

At trial, the appellant's mother claimed that the robber could not have been the appellant because he had been hospitalized earlier in the year and during September 1983 had still been too sick to get out of the house much. The appellant's brother actually confessed that he, and not the appellant, had been the robber. His version of how the robbery transpired differed from that recounted by the two victims, with regard to the particular food items, the time of the robbery, the type of pistol, the accomplice's behavior, and the mode of locking the victims in the bathroom. He admitted that he had not come forward to confess prior to the appellant's trial, explaining that he had maintained that silence because he had never been charged with the crime and because he did not think the state had any evidence on his brother. The brother also admitted that he had recently been convicted for another crime and was about to be sentenced to prison.

The store manager had not noticed the appellant having any facial scars or walking with a limp. The mother and brother, however, testified that in September 1983 the appellant still limped from an earlier leg injury, and the appellant displayed some facial scars to the jury. Nevertheless, even after viewing the appellant's brother during the trial, the store manager remained unequivocal in her identification of the appellant as the robber who had held a gun in her face.

The jury returned a verdict of guilty, for which the appellant received a sentence of 20 years' imprisonment. On appeal, the sole enumeration of error concerns the sufficiency of the evidence to support the verdict. *Held*:

The appellant contends that it defies justice to sustain a conviction where, unlike Cain, his brother willingly assumed the role of brother's keeper and confessed to the crime. However, it is axiomatic that such questions of credibility strictly belong to the jury, and in this case the jury had before it ample bases for discrediting the brother's testimony entirely (as well as that of the appellant's mother). Viewing the evidence in the light most favorable to the jury's verdict, we conclude that the evidence was sufficient to enable any rational trier of fact to find the appellant guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Alvin v. State*, 253 Ga. 740 (325 SE2d 143) (1985).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED DECEMBER 2, 1985.

*H. Haywood Turner III*, for appellant.

*William J. Smith, District Attorney, Tasca W. Badcock, Assistant District Attorney*, for appellee.